Kings County.—Hon. J. I. BERGEN, Surrogate.— June, 1885.

BIGGS *v.* ANGUS.

*In the matter of the application for probate of papers severally propounded as the will of* CHARLOTTE ANGUS, *deceased.*

Decedent, who died in April, 1885, executed a will in 1875; and, in 1880, executed, as and for her will, three identical instruments, making a different disposition of her property, and containing a clause expressly revoking, in general terms, "all other or former wills" made by her. The three instruments of 1880 were severally entrusted by her to three different persons, one of whom was an attorney, P. Shortly before her death, she insisted on sending for the three last mentioned papers, declaring her intention to revoke them. Accordingly, P. attended upon decedent, and wrote at the end of one, and upon the back of another of these papers, a formal revocation, each of which was read to the testatrix, who declared that it was "all right," and subscribed it in the presence of P. and another witness, who thereafter subscribed their names to an attestation clause in the usual form. The third paper, which was in P.'s possession, he omitted to cancel. Upon an application for probate of the will of 1875, and a cross application for the probate of that of 1880, it was—

*Held,* that both wills were effectually revoked, and that decedent died intestate.

APPLICATION having been made to the Surrogate's court for the probate of a paper propounded as decedent's will, dated June 19th, 1875, by John Angus, her husband, objections were interposed by Francis A. Biggs, her son by a former marriage, who, during the progress of the cause, produced in court an instrument dated December 2d, 1880, making a different disposition of the property, with a petition praying for the probate thereof as decedent's will. Thereupon the first proponent filed objections, averring, among other things, that said last mentioned will had been revoked on April 3d, 1885; and the two proceedings were consolidated and heard as one matter. It appeared that decedent died April 14th, 1885, leaving the first mentioned paper, executed in due form, and also another paper, dated December 2d, 1880, executed in triplicate, each purporting to be her last will. The three triplicate originals were severally entrusted by decedent to three different persons, one of whom was an attorney, Oliver N. Payne. None of them contained or exhibited any recital or minute showing them to be intended as such triplicates, this fact appearing solely from the identity of their form and execution. The instrument of 1880 contained a clause expressly "revoking all other or former wills by" decedent "made." Each of the triplicates was written upon both sides of several pages of legal cap paper. On the back of one of the set appeared the following:

"In the name of God, Amen, I, Charlotte Angus, wife of John Angus, of the city of Brooklyn, county of Kings, and State of New York, of the age of

seventy-three years, weak of body but of sound dis-
posing mind and memory, do hereby revoke and
annul, and declare of none effect, my foregoing last
will and testament, bearing date December 2d, 1880.
In testimony whereof, I have hereunto set my hand
and seal this 3rd day of April, 1885.

                   · CHARLOTTE ANGUS.  [SEAL]

" The foregoing instrument (revocation of her
will, dated Dec. 2d, 1880), half a page, was signed,
sealed, published and declared by the said testatrix,
Charlotte Angus, as and for her revocation of her
will of Dec. 2d, 1880, in the presence of us, who, at
her request and in her presence, and in the presence
of each other, have subscribed our names as witnesses
thereto.

     OLIVER N. PAYNE, residence, etc.

     MARY E. THURBER, residence, etc.'

On the last half page of another of the set, was
written a revoking clause identical with that quoted,
subscribed and sealed in like manner, and followed by
these words:

" The foregoing instrument (revocation of her will,
dated Dec. 2d, 1880), consisting of half page, was
signed, sealed, published and declared by the testa-
trix, Charlotte Angus, as and for her revocation of
her will of December 2d, 1880, in the presence of us,
who, at her request and in her presence, and in the
presence of each other, have subscribed our names as
witnesses thereto.

     OLIVER N. PAYNE, residence, etc.

     MARY E. THURBER, residence, etc."

The third instrument of the set, entrusted to the

possession of Oliver N. Payne, was intact.    Further facts appear in the opinion.

D. P. BARNARD, *and* JOHN H. CLAYTON, *for John Angus.*

H. GRAVES, *for F. A. Biggs.*

THE SURROGATE.—The testatrix died April 14th, 1885, leaving her surviving her husband, John Angus, and one son, Francis A. Biggs, by a prior husband; having executed a will dated June 19th, 1875, by which she devised all her estate absolutely to her husband, John Angus, which he propounded for probate, and which was contested by the son of the testatrix, upon the ground that she had executed a subsequent will dated November 2d, 1880, containing a revocation clause revoking all former wills made by her; and he asks that the will of 1880 be admitted to probate as the last will and testament of Charlotte Angus, deceased.    It is unnecessary to discuss the question of the validity of the will of 1875, as it is disposed of by the will of 1880, which contained a provision expressly revoking all former wills made by the testatrix.

The will of 1880 was executed in triplicate; and on the 3rd day of April, 1885, testatrix executed a revocation of said will, written on the last page of two of the triplicate set thereof.    The only questions to be disposed of are—whether said revocation was executed in conformity to the statutory requirements for the execution of a will; whether the testatrix at that time possessed testamentary capacity; and whether she executed it free from undue influence.    It appears from the testimony that testatrix, in the

presence and hearing of the witness, Mary E. Thurber, told her husband, John Angus, to go to lawyer Payne's after a paper of hers, and also to Mr. Stanley's, as she had made a will and had done something and gave away something that did not belong to her, and she wanted to have it changed. "She could not die with it on her mind." Her husband told her: "no, if that suited her the way things were, let it be so." She said: "no, I can't die and let this be so." He refused twice to go, and then insisted on her writing an order to Mr Payne, which she did, first directing witness, Mary E. Thurber, to get her glasses, designating where they could be found. A few hours afterwards, Mr. Payne came to the house and drew the revocation of the will of 1880, writing it in duplicate, one on the last page of two of the triplicate set of the will of 1880, but neglecting to write it on the third of the set, which he had in his possession.

It further appears that, in the presence of witness, Mary E. Thurber, Mr. Payne read the revocation so written to the testatrix, and she declared that "it was all right" and signed it, and then at her request, the witnesses, Mary E. Thurber and Oliver N. Payne signed the attestation clause. The testimony, also, shows that testatrix executed it without being unduly influenced by her husband, and that she was of sound mind and memory at the time of its execution.

Upon a careful review of all the testimony, I am of the opinion that the revocation was executed in conformity to the statutory requirements; that testatrix at the time of its execution possessed testamentary

capacity; that she was not unduly influenced to execute the same, and that the said will of date April 3rd, 1880, was legally revoked thereby.

Therefore, I am of the opinion that the testatrix, Charlotte Angus, died intestate.